IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEASA VANESSA SHERMAN,

    Plaintiff,

v.

SYLVIA KELLY, et al.,

    Defendants.

No. 3:16-cv-00865-MO

OPINION AND ORDER

**MOSMAN, J.**,

On November 3, 2016, Defendants filed their Motion for Summary Judgment [23]. Ms. Sherman failed to respond. For the reasons stated below, I GRANT Defendants' Motion.

## BACKGROUND

Ms. Sherman was enrolled in classes at Portland Community College ("PCC") during the winter, spring, and a portion of the summer terms of the 2013-2014 academic year. During the winter term, which began on January 6, 2014 and ended on March 23, 2014, Ms. Sherman took a class from Defendant Abbot-Smith, for which she received a "C" grade. Shortly after receiving the grade, Ms. Sherman contacted Defendant Wenger, the Division Dean for Arts and Professions at PCC's Cascade Campus, and expressed concerns regarding Defendant Abbot-Smith. Defendant Wenger provided Ms. Sherman with information regarding PCC's formal

1 – OPINION AND ORDER

student complaint and grade appeal forms. Ms. Sherman filed her formal grade appeal on May 7, 2014, with the Cascade Campus Dean of Student Development's office. At the time, Defendant Reisser was the head of that office. Five days later, the office informed Ms. Sherman that it could not process her appeal because she had failed to reach out to Defendant Abbot-Smith within 14 days of the grade being posted.

During her time as a student at PCC, Ms. Sherman was deemed eligible for disability accommodations. As such, she had several interactions with PCC's Disability Services office and Defendant McKenna, a disability services counselor. To receive accommodations, Ms. Sherman was required to make specific requests to Disability Services.

In response to her treatment by school officials regarding the grade and her disability, Ms. Sherman filed suit on May 18, 2016. Although it is somewhat hard to tell, Ms. Sherman appears to allege violations to Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), Title VI of the Civil Rights Act ("CRA"), and substantive due process. Defendants moved for summary judgment on these claims, and Ms. Sherman failed to respond.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," for example, the court should enter summary judgment in favor of the opposing party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Id.* at 323. Once that burden is satisfied, the burden shifts to the non-moving

party to demonstrate, through the production of evidence listed in Rule 56(c)(1), that there remains a "genuine issue for trial." *Id.* at 324.

The non-moving party may not rely upon the pleading allegations. *See Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)). Additionally, a "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Indeed, a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997). "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.  Claim I

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In Ms. Sherman's first claim, she asserts that Defendant Kelly, PCC's former interim president, "should have been aware" of the prior complaints against Defendant Abbot-Smith and "should have been aware of Mr. Wenger, Dr. Linda Reisser and Ms. Ruth McKenna." These assertions do not state a cognizable legal theory upon which relief can be

granted. Moreover, based on the record, Defendant Kelly was not even an employee at PCC until after Ms. Sherman was no longer enrolled as a student. As such, any alleged injuries cannot be attributed to Defendant Kelly, and Defendants are entitled to summary judgment on Claim I. Because no facts can be alleged to properly state a claim for relief, I DIMISS this claim with prejudice.

## II.     Claim II

Ms. Sherman's second claim appears to be based on Defendant Abbott-Smith's alleged violations of Title II of the ADA, Section 504 of the RA, and Title VI of the CRA. This claim suffers from two deficiencies.

First, Ms. Sherman's claim is untimely. There is some question regarding whether the appropriate statute of limitations for claims based on Title II, Section 504, and Title VI is one or two years. I do not need to resolve this question, however, because Ms. Sherman's claim is untimely even if the applicable limitations period is two years.

Ms. Sherman filed her Complaint on May 18, 2016. As such, if the statute of limitations for each violation is two years, she may not rely on acts that occurred prior to May 18, 2014 to establish the basis of her claim. The acts giving rise to her second claim occurred while Ms. Sherman was in Defendant Abbot-Smith's class; from January 6, 2014 to March 23, 2014. During that time, Ms. Sherman alleges that Defendant Abbott-Smith "falsified grades" and created a "hostile" learning environment. Because these acts occurred prior to May 18, 2014, they are outside any potential limitations period and cannot serve as the basis of the statutory violations alleged in the second claim. Thus, Claim II is untimely, and Defendants are entitled to summary judgment.

Even if Ms. Sherman's second claim was not barred by the statute of limitations, it fails to state a claim upon which relief may be granted. Under either Title II of the ADA or Section 504 of the RA, "individual defendants may not be sued in their individual capacities." *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066-67 (D. Or. 2001). They may, however, be sued in their official capacities "because suing an individual in his official capacity is treated the same as suing the entity itself." *Id.* Where officials are named in a complaint, courts presume they are "necessarily sued in their personal capacities . . . even if the complaint does not explicitly mention the capacity in which they are sued." *U.S. ex rel. Teresa Teater v. Schrader*, No. CV05-623-HU, 2006 1030165, at *4 (D. Or. Apr. 18, 2006) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). Additionally, Title VI of the CRA does not provide a private right of action for plaintiffs to hold individual defendants liable in either their individual or official capacities. *Hariri v. Portland State Univ.*, No. 3:15-CV-1076-PK, 2016 WL 2595476, at *8 (D. Or. May 5, 2016). In other words, Title VI requires a plaintiff to sue the entity receiving federal funds, not the individual employees of the entity. *Id.*

Ms. Sherman names Defendant Abbott-Smith under Claim II and makes no mention of the capacity in which she is being sued. Thus, the claim is presumably against Defendant Abbott-Smith in her personal capacity. As such, Ms. Sherman has failed to state a claim upon which relief may be granted under Title II, Section 504, or Title VI.

### III.  Claim III

In her third claim, Ms. Sherman alleges that Defendant Wenger did not address her supposed discriminatory treatment "according to Title IX." I construe this claim as one based on a violation to Title VI of the CRA.

Like her second claim, Ms. Sherman's third claim is untimely. The acts giving rise to Claim III occurred before May 18, 2014. Ms. Sherman received her grade on March 23, 2014, and she was told that her grade appeal would not be processed on May 12, 2014. Thus, even assuming arguendo that the applicable limitations period is two years, Defendants are entitled to summary judgment on Claim III.

Even if Ms. Sherman's third claim was timely, it fails to state a claim upon which relief may be granted. Title VI does not allow a plaintiff to sue individual defendants. *Hariri*, 2016 WL 2595476, at *8. Here, Ms. Sherman asserts Claim III against Defendant Wenger, instead of the school itself. As such, Ms. Sherman fails to state a plausible claim for relief.

Alternatively, to the extent that Ms. Sherman is making a claim based on Title IX of the Education Amendments of 1972 ("Title IX"), Ms. Sherman has failed to state a cognizable claim. Title IX prohibits discrimination on the basis of sex, 20 U.S.C.A. § 1681 (West 2017), and Ms. Sherman has alleged no facts to suggest that Defendant Wenger's actions had anything to do with her sex. Moreover, Ms. Sherman's Title IX claim fails because it is against Defendant Wenger in his individual capacity and is untimely. *See G.C. ex rel. Counts v. N. Clackamas Sch. Dist.*, 654 F. Supp. 2d 1226, 1237 (D. Or. 2009).

### IV.    Claim IV

In her fourth claim, Ms. Sherman appears to allege that Defendant Reissen violated her "substantial due process" rights, presumably in violation of 42 U.S.C. § 1983. Specifically, Ms. Sherman alleges that Defendant Reissen told her that the time to file a grade appeal had expired when, in fact, it had not.

This claim is also untimely. The statute of limitations on a § 1983 claim is two years. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). As such, any actions forming the basis

of her § 1983 claim must have occurred on or after May 18, 2014. Ms. Sherman submitted her grade appeal on May 7, 2014, and the Cascade Campus Dean of Student Development's office informed Ms. Sherman that it would not process the appeal on May 12, 2014. Since both these dates are prior to May 18, 2014, they cannot validly form the basis of Ms. Sherman's § 1983 claim. Because the allegations underlying the claim fall outside the applicable statute of limitations, Defendants are entitled to summary judgment on Claim IV.

In any event, to establish a violation under § 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The right of substantive due process "forbids the government from depriving a person from life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998). For the most part, the protections of substantive due process have been reserved for fundamental rights, or those "relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Where the right is not fundamental, there is no violation if the "government's conduct is rationally related to a legitimate government interest." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1262 (9th Cir. 1994), *as amended on denial of reh'g* (Feb. 9, 1995).

In this case, Ms. Sherman was not deprived of a fundamental right. Thus, Defendant Reissen's decision not to consider the grade appeal must only be rationally related to a legitimate government interest. The reason Defendant Reissen did not accept Ms. Sherman's grade appeal was because Ms. Sherman had failed to adequately follow PCC's procedures. Specifically, Ms. Sherman had failed to adequately communicate with her professor, Defendant Abbot-Smith,

regarding the grade before she submitted the appeal. Defendant Reissen's decision to reject the appeal was rationally related to the legitimate interest of maintaining uniform grading procedures. Based on these facts, a jury could not find that Defendant Reissen violated Ms. Sherman's substantive due process rights.

## V.     Claim V

Ms. Sherman's fifth claim is based on Defendant McKenna's alleged violations of Title II of the ADA and Section 504 of the RA. This claim suffers from the same flaw as Claim II. Namely, individual defendants cannot be sued in their individual capacities under Title II and Section 504. *Becker*, 170 F. Supp. 2d at 1066-67. Accordingly, Ms. Sherman has failed to state a cognizable claim for relief.

Moreover, there are insufficient facts within the applicable limitations period that would give rise to a cognizable legal claim. To prove a violation of Section II of the ADA, a plaintiff must allege:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Similarly, to prove a Section 504 violation, a plaintiff must show that: "(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of [her] disability; and (4) the program receives federal financial assistance." *Duval v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

Assuming arguendo that the limitations period in this case is two years, only acts that occurred on or after May 18, 2014 can serve as the basis for Ms. Sherman's alleged disability discrimination. Admittedly, Ms. Sherman had several interactions with Disability Services after May 18, 2014. None of those interactions, however, show that Disability Services denied Ms. Sherman any right or benefit on the basis of her disability. The undisputed facts show that the only accommodation Ms. Sherman requested after May 18, 2014 was the assistance of a scribe after she suffered a thumb injury. Disability Services scheduled a meeting between Ms. Sherman and the scribe, but Ms. Sherman never arrived. Thus, there is no factual support for Ms. Sherman's allegation that she was excluded from participation or denied benefits of a program because of her disability. Accordingly, Defendants are entitled to summary judgment on Claim V.[1]

## CONCLUSION

For the reasons stated above, Defendants are entitled to summary judgment on all of Ms. Sherman's claims. Therefore, I GRANT Defendants' Motion for Summary Judgment [23]. Because the events leading to these claims fall outside any applicable statute of limitations, Ms. Sherman's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __8th__ day of February, 2017.

                                                /s/ Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                Chief United States District Judge

---

[1] I do not address Defendants' arguments relating to Ms. Sherman's alleged insufficient service of process. It is important to note, however, that pro se litigants, like Ms. Sherman, are afforded greater leniency when it comes to meeting formal pleading standards and other procedural matters. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers); *Moore v. Agency of Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (stating that "[p]ro se litigants are allowed more latitude than litigants represented with counsel to correct defects in service of process"). Regardless, Defendants' claims should be dismissed for reasons unrelated to service of process.

9 – OPINION AND ORDER